Opinion by Justice Whitehill
Appellant Glassdoor, Inc. maintains a website on which it allowed people to post anonymous reviews of appellee Andra Group, LP as an employer. Some negative reviews were posted.
Andra filed a Rule 202 petition against Glassdoor seeking to discover the anonymous reviewers' identities. Glassdoor, joined by appellants Doe 1 and Doe 2, filed a Texas Civil Practice and Remedies Code Chapter 27 (anti-SLAPP) dismissal motion. The trial court denied that motion and granted in part the Rule 202 petition. Glassdoor and Does 1 and 2 timely appealed.
Appellants assert that the trial court erred by (i) concluding that Chapter 27 did not apply and (ii) granting Rule 202 relief. Addressing the issues in reverse order, we conclude that (i) the trial court did not abuse its discretion by granting Rule 202 relief, and (ii) the trial court did not err by denying appellants' dismissal motion even if Chapter 27 applies to Rule 202 proceedings. Accordingly, we affirm the trial court's order.
I. BACKGROUND
A. Factual Allegations
Andra's Verified Petition Requesting Deposition Before Suit alleged the following facts:
Glassdoor operates a website that it describes as a free jobs and career website. The website offers access to "user-generated ... ratings and reviews."
*285 Negative comments about Andra were posted in ten anonymous reviews on the Glassdoor website. One of the reviews was posted by someone who claimed to be an Andra interview candidate. The others were posted by people who claimed to be current or former Andra employees. The oldest review was dated 8 July 2014, while the newest was dated 30 June 2015.
B. Procedural History
Andra filed its Rule 202 petition on 17 August 2015. It sought to depose a Glassdoor representative to discover the identities and account information of the persons who wrote the allegedly defamatory reviews. Andra stated its purpose as follows:
Andra desires to obtain the testimony of Glassdoor to investigate potential claims for defamation or business disparagement. Andra does not anticipate any claims against Glassdoor, and only seeks to investigate potential claims by Andra against anonymous persons or entities who posted false and defamatory statements against Andra on Glassdoor's website....
Glassdoor answered.
Soon thereafter, Glassdoor and Does 1 and 2 filed a Chapter 27 dismissal motion.[1] Does 1 and 2 claimed that they wrote two of the reviews identified in Andra's petition. Appellants attached evidence to their motion, including an affidavit and copies of the ten reviews identified in Andra's petition.
Andra filed a combined response to the dismissal motion and brief in support of its Rule 202 petition. Andra attached three affidavits and other exhibits to the response.
Appellants filed a combined response to Andra's Rule 202 brief and reply in support of their dismissal motion.
The trial judge held a hearing on Andra's petition and appellants' motion. The judge invited Andra to file additional evidence and deferred ruling.
Andra filed a supplemental response to the dismissal motion, with a supplemental affidavit attached.
Appellants filed a reply to Andra's supplemental response.
The trial judge then held another hearing. The next day, the judge signed an order denying appellants' dismissal motion and granting in part Andra's Rule 202 petition. The order limited the deposition to two specific reviews posted on Glassdoor's website, and it further purported to limit the deposition to five specific statements within those reviews. The two reviews identified in the order were not reviews that Does 1 and 2 claimed to have written. The order also required Glassdoor to produce certain categories of documents.
Appellants timely appealed.[2]
II. ANALYSIS
We address appellants' second issue first.
A. Issue Two: Did the trial court err by granting Andra's Rule 202 petition?
At the outset we note that Does 1 and 2 are unaffected by the trial court's *286 order granting in part Andra's Rule 202 petition. That is, the trial court did not permit Andra to discover Doe 1's and 2's identities. Because Doe 1 and 2 were not injured by the Rule 202 order, we conclude they lack standing to assert issue two. See Tex. Workers' Comp. Ins. Fund v. Mandlbauer , 988 S.W.2d 750, 752 (Tex. 1999) (per curiam) (appellant may not complain of errors that do not injure it or that merely affect the rights of others). We review issue two with respect to Glassdoor only.
Glassdoor supports issue two with three arguments: (i) Andra did not give proper notice as required by Rule 202; (ii) the trial court erred by finding that the likely benefit of the discovery outweighed the burden or expense; and (iii) Andra did not overcome Glassdoor's First Amendment defense. We disagree with each argument.
1. Standard of Review
We review a trial court's order granting Rule 202 relief for abuse of discretion. Patton Boggs LLP v. Moseley , 394 S.W.3d 565, 568-69 (Tex. App.-Dallas 2011, no pet., orig. proceeding). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." Walker v. Gutierrez , 111 S.W.3d 56, 62 (Tex. 2003). Under this standard we defer to the trial court's factual determinations if they are supported by evidence, but we review the trial court's legal determinations de novo. Stockton v. Offenbach , 336 S.W.3d 610, 615 (Tex. 2011).
2. Applicable Law
Rule 202 authorizes a person to seek a court order authorizing an oral deposition or a deposition on written questions for two purposes: (i) to perpetuate or obtain a person's testimony for use in an anticipated suit or (ii) to investigate a potential claim or suit. TEX. R. CIV. P. 202.1. The petition must state either that the petitioner anticipates a suit in which the petitioner may be a party or that the petitioner seeks to investigate a potential claim by or against the petitioner. Id. 202.2(d).
At least 15 days before the petition is heard, the petitioner must serve the petition and notice of the hearing "on all persons petitioner seeks to depose and, if suit is anticipated , on all persons petitioner expects to have interests adverse to petitioner's in the anticipated suit." Id. 202.3(a) (emphasis added). The rule authorizes service by publication on "[u]nnamed persons described in the petition whom the petitioner expects to have interests adverse to petitioner's in the anticipated suit, if any." Id. 202.3(b)(1).
If the court grants Rule 202 relief, it must find that
(1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or
(2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure.
Id. 202.4(a)(1)-(2). The finding must be express. In re Dallas Cty. Hosp. Dist. , No. 05-14-00249-CV, 2014 WL 1407415, at *2 (Tex. App.-Dallas Apr. 1, 2014, orig. proceeding) (mem. op.).
The petitioner bears the burden of producing evidence to support the necessary finding. See id. at *3 ; In re Campo , No. 05-13-00477-CV, 2013 WL 3929251, at *1 (Tex. App.-Dallas July 26, 2013, orig. proceeding) (mem. op.).[3]
*287 3. Application of the Law to the Facts
a. Did Andra fail to give proper notice of the petition and hearing?
Glassdoor argues first that the trial court abused its discretion by granting Rule 202 relief because Andra did not give notice to the anonymous reviewers whose identities Andra sought.
Andra does not dispute that it did not give notice to the anonymous reviewers. It instead argues that it did not have to give the anonymous reviewers notice because its petition was a petition to investigate a potential suit under Rule 202.1(b) and not a petition to obtain or perpetuate testimony for use in an anticipated suit under Rule 202.1(a).
The question, then, is whether the trial court abused its discretion by accepting Andra's contention that its Rule 202 petition was one for investigation of a potential claim and not one to preserve testimony in anticipation of suit.
Glassdoor argues that Andra clearly anticipated suit because it (i) already had the contents of the reviews in question, (ii) referred to the reviewers as "Potential Defendants," (iii) sought only to learn the reviewers' identities, and (iv) alleged, "Should suit be necessary, Andra anticipates venue in Dallas County."[4]
We conclude that the trial court did not abuse its discretion because Andra's petition supports an intent to invoke Rule 202.1(b). Andra pled, "Andrea desires to obtain the testimony of Glassdoor to investigate potential claims for defamation or business disparagement." (Emphasis added.) Andra further stated, "Andra does not anticipate any claims against Glassdoor, and only seeks to investigate potential claims by Andra against anonymous persons or entities who posted false and defamatory statements against Andra on Glassdoor's website ('Potential Defendants')." Contrary to Glassdoor's argument, the reference to "Potential Defendants" is not significant because that term is at least as consistent with investigating "potential claims" as it is with preserving testimony for an "anticipated suit."
Glassdoor argues that Andra must have anticipated suit because Andra already had the contents of the reviews in question, *288 Andra's petition alleged that the reviews contained false and defamatory statements, and "[t]he only information Andra sought to learn was the reviewers' identities." But this is a non sequitur. Knowing the reviews' contents alone did not tell Andra whether it had viable claims against the anonymous reviewers. Andra also needed to know not only the reviewers' identities but also the facts and circumstances of the reviewers' relationships with Andra to evaluate potential defensive issues such as substantial truth. See Austin v. Inet Techs., Inc. , 118 S.W.3d 491, 496 (Tex. App.-Dallas 2003, no pet.) ("[T]ruth, even substantial truth, is a complete defense to defamation.").
We also note that a Rule 202.1(a) petition seeks "to perpetuate or obtain ... testimony ... for use in an anticipated suit." TEX. R. CIV. P. 202.1(a) (emphasis added). "Testimony" generally means evidence that a witness gives under oath during a trial or in an affidavit or deposition. See Testimony , BLACK'S LAW DICTIONARY (10th ed. 2014). The trial court could have reasonably concluded that a Rule 202 deposition that is sought solely to identify anonymous persons who are potential defendants is not a deposition sought to obtain "testimony" as that term is used in Rule 202.1(a).
Glassdoor is correct that Andra's venue allegation alluded to Rule 202.1(a) rather than Rule 202.1(b). A Rule 202 petition must be filed in a county "(1) where venue of the anticipated suit may lie, if suit is anticipated; or (2) where the witness resides, if no suit is yet anticipated." Id. 202.2(a)(b)(1)-(2). Andra pled, "Should suit be necessary, Andra anticipates venue in Dallas County." But, given Andra's other averments clearly indicating its intent to invoke Rule 202.1(b), the trial court reasonably could have concluded that Andra's venue allegation was erroneous or superfluous. We thus conclude that the trial court did not act arbitrarily or unreasonably in not treating Andra's venue allegation as controlling.
For these reasons, we disagree with Glassdoor's lack of notice argument.
b. Did the trial court abuse its discretion by finding that the likely benefit of allowing the discovery outweighed the burden or expense of the procedure?
The trial court specifically found that the likely benefit of allowing Andra to take a deposition about two anonymous reviews on Glassdoor's website outweighed the burden or expense of the procedure. See TEX. R. CIV. P. 202.4(a)(2). Glassdoor, however, argues that the trial court abused its discretion because (i) any claims based on the two reviews are time-barred and (ii) the two reviews are non-actionable opinion or hyperbole.
For the reasons that follow, we conclude that Glassdoor has not shown an abuse of discretion in either respect.
(1) Additional Facts
The following additional facts are pertinent to our analysis:
The trial court limited the deposition to two reviews, which were dated 8 July and 22 October 2014.
The 8 July 2014 review was entitled "Packer Interview," and it contained the following text:
Interview
It sucked the owner and the management there are rude and very judge mental [sic] the supervisor Jorge is racist and a sexist its practically slavery in that warehouse they have illegal imm[i]grants working there that need the money so is willing to put up with the disrespect and little pay.
*289 The 22 October 2014 review was entitled "The company is run by a tyrannical woman who has zero compassion and zero ethics." It contained the following text:
Pros
They are always hiring, but this is due to the turnover that results from low pay, horrible benefits, lack of organized training and poor treatment of the employees. If you are white, you should not have an issue getting hired, and possibly for a management position.
Cons
Compensation is below market. Benefits are sub par and too expensive for the majority to afford. Vacation is not earned until after a year of employment. Unethical business practices are prevalent. Hiring practices are illegal. The company is violating labor laws and buying their better business bureau rating. Employees are treated disrespectfully and are threatened with termination, berated, and abused. Harassment based on race and sexual orientation is a daily occurrence from the top down. The owner lacks tact and professionalism and has no business in the business world.
The trial court's order limited the deposition to these two posts, and it further purported to limit the deposition to the following statements within those posts: (i) Andra's hiring practices are illegal, (ii) Andra is violating labor laws, (iii) Andra is engaged in harassment based upon race and sexual orientation, (iv) illegal immigrants are working at Andra, and (v) Andra's supervisor Jorge is racist and sexist.
Andra filed its Rule 202 petition on 17 August 2015, and the trial court signed its order on 18 February 2016.
(2) Limitations and Special Damages
Glassdoor argues that there is no benefit to allowing the deposition because (i) by the time of the first hearing, any defamation claims Andra might have had based on the two reviews were barred by the one-year statute of limitations and (ii) Andra produced no evidence of a direct pecuniary loss from the statements as would be necessary to support a business disparagement claim, which has a two-year limitations period.
Andra responds that (i) Glassdoor has no standing to assert a third party's limitations defense, (ii) limitations for defamation may have accrued later than the first publication of the two reviews, and (iii) Andra's potential business disparagement claims are viable because it showed business losses of at least $88,450.
Because the trial court could have concluded that the Rule 202 discovery's benefits outweighed its burdens based on either Andra's potential defamation claim or its potential business disparagement claim, Glassdoor had to demonstrate that both claims were not viable. For the reasons that follow, we conclude that the trial court could reasonably have concluded that Andra produced some evidence of business disparagement damages. Accordingly, Glassdoor's argument that the trial court abused its discretion in weighing the benefits and burdens is unpersuasive.
"Proof of special damages is an essential part of the plaintiffs' cause of action for business disparagement." Hurlbut v. Gulf Atl. Life Ins. Co. , 749 S.W.2d 762, 767 (Tex. 1987). This means that the plaintiff must " 'establish pecuniary loss that has been realized or liquidated as in the case of specific lost sales.' " Id. (quoting W. KEETON , PROSSER AND KEETON ON THE LAW OF TORTS § 128, at 971 (5th ed. 1984) ). "Furthermore, the communication must play a substantial part in inducing others not to deal with the plaintiff with the result that special damage, in the form of the *290 loss of trade or other dealings, is established." Id.
Costs incurred to disprove disparaging comments can also serve as special damages supporting a business disparagement claim. See Graham Land & Cattle Co. v. The Indep. Bankers Bank , 205 S.W.3d 21, 30 (Tex. App.-Corpus Christi 2006, no pet.).
If a claimant's alleged damages are primarily personal and general, such as humiliation, mental anguish, and injury to personal reputation, the claim is for defamation only, and the two-year limitations statute for business disparagement is not available. Williamson v. New Times, Inc. , 980 S.W.2d 706, 710-11 (Tex. App.-Fort Worth 1998, no pet.).
Andra filed an affidavit by its human resources manager April Lucente. She identified the ten negative reviews on the Glassdoor website and said that their publication resulted in Andra's getting a reduced pool of qualified job applicants. Several qualified candidates refused to consider positions with Andra, and one candidate canceled a scheduled interview based on the Glassdoor reviews. In March 2015, Andra could not fill various positions via free or inexpensive websites as it had in the past, and it hired recruiting agencies at significant expense. Andra recruited two specifically named "net developers" through one of these agencies at a cost of $46,250. Those developers said that they would not have accepted jobs with Andra if the recruiter had not "thoroughly explained the web posts," and they said that they would not have sought out employment with Andra directly because of the Glassdoor web posts. Andra paid the recruiter approximately $43,000 to recruit two additional developers. According to Lucente, Andra would not have incurred $88,450 in recruiting expenses had the negative reviews been removed from the Glassdoor website.
Additionally, Andra filed an affidavit by its president, Tomima Edmark, stating that 2015 was the first year in which Andra had to resort to recruiting agencies to fill job positions.
Finally, Andra filed the affidavit of Thomas Tribble, who was one of the web developers Andra hired through a recruiter in 2015. He said that he was concerned about the negative reviews on the Glassdoor website and that he would not have pursued employment with Andra directly because of those reviews.
We conclude that this evidence supports the premises that (i) the negative reviews on Glassdoor's website caused some potential employees not to deal with Andra and (ii) Andra spent over $88,000 to overcome the negative effects of the Glassdoor reviews. This satisfies Hurlbut 's requirement that Andra show the reviews played a substantial part in inducing others not to deal with Andra, such that Andra suffered special damage in the form of loss of trade or other dealings. See Hurlbut , 749 S.W.2d at 767.
Glassdoor argues that Lucente attributed Andra's additional recruiting expenses to all ten reviews on which Andra sued and not just to the two reviews on which the trial court granted relief. But Rule 202 does not require a petitioner investigating a potential claim to show a probable right of relief on the merits. It requires only a showing that the likely benefit of the discovery outweighs the burden or expense of the procedure. We conclude that Andra's evidence gave the trial court a reasonable basis to conclude that Andra may be able to develop a viable business disparagement claims as to damages.
*291 The trial court reasonably could have rejected Glassdoor's argument that limitations and business disparagement's special damages requirement negated the likely benefit of the ordered discovery.
(3) Opinion or Hyperbole
Next Glassdoor argues that the two reviews in question contain only nonactionable expressions of opinion and hyperbole rather than verifiable and actionable fact statements. Accordingly, they conclude, the ordered discovery offers no benefit to Andra because there is no viable potential claim. We disagree.
We will continue to focus on Andra's potential business disparagement claims in our analysis. The elements of business disparagement are (1) the defendant published false and disparaging information about the plaintiff, (2) with malice, (3) without privilege, and (4) that resulted in special damages to the plaintiff. Forbes Inc. v. Granada Biosciences, Inc. , 124 S.W.3d 167, 170 (Tex. 2003). A business disparagement claim is similar in many respects to a defamation action. Id. The torts differ in that defamation chiefly serves to protect the plaintiff's personal reputation, while business disparagement protects economic interests. Id.
In defamation, a statement is not actionable unless it asserts an objectively verifiable fact rather than an opinion. Am. Heritage Capital, LP v. Gonzalez , 436 S.W.3d 865, 875 (Tex. App.-Dallas 2014, no pet.) ; accord Tatum v. Dallas Morning News , 493 S.W.3d 646, 667-68 (Tex. App.-Dallas 2015, pet. pending) ; see also Avila v. Larrea , 394 S.W.3d 646, 659 (Tex. App.-Dallas 2012, pet. denied) (describing opinion as an expression that is "by its nature, an indefinite or ambiguous individual judgment that rests solely in the eye of the beholder") (internal quotations omitted). This rule has roots in the First Amendment. See Tatum , 493 S.W.3d at 667-68 (discussing Supreme Court precedent). Additionally, rhetorical hyperbole-meaning extravagant exaggeration employed for rhetorical effect-is not actionable in defamation. Backes v. Misko , 486 S.W.3d 7, 26 (Tex. App.-Dallas 2015, pet. denied). For purposes of our analysis, we will assume without deciding that Glassdoor is correct and these principles apply to business disparagement the same way they apply to defamation.
We proceed to examine the two reviews at issue under these principles. If they contain disparaging statements of objectively verifiable fact, this would support the trial court's finding that there is a likely benefit to allowing the discovery to proceed in investigation of Andra's potential claims.
The October 2014 review contains the following statements:
• "Hiring practices are illegal."
• "The company is violating labor laws...."
• "Harassment based on race and sexual orientation is a daily occurrence from the top down."
The July 2014 review contains the following statements:
• "[T]he supervisor Jorge is racist and a sexist...."
• "[T]hey have illegal imm[i]grants working there...."[5]
*292 We conclude that each review contains at least one disparaging statement of objectively verifiable fact.
Accusing a person of illegal conduct is a statement of objectively verifiable fact. See Tatum , 493 S.W.3d at 668 ("[C]alling someone a liar and accusing someone of perjury are both sufficiently verifiable to support a defamation claim.") (emphasis added); Miranda v. Byles , 390 S.W.3d 543, 552 (Tex. App.-Houston [1st Dist.] 2012, pet. denied) (statement that a doctor confirmed that plaintiff had sexually molested someone was an objectively verifiable factual statement); see also Bentley v. Bunton , 94 S.W.3d 561, 583-85 (Tex. 2002) (speaker's assertions that, based on speaker's investigation, judge was corrupt were verifiable enough to support defamation claim).
The October 2014 review accused Andra of (i) violating labor laws and (ii) racial and sexual orientation harassment "from the top down." These assertions are not examples of rhetorical hyperbole or mere personal opinion. They are accusations of illegal conduct that are capable of being proved true or false. See Anderson v. Houston Cmty. Coll. Sys. , 458 S.W.3d 633, 647 (Tex. App.-Houston [1st Dist.] 2015, no pet.) (describing level of racial harassment necessary to amount to legal violation).
Likewise, the July 2014 review accused Andra of employing illegal immigrants. This too is not a matter of rhetorical hyperbole or personal opinion. Whether Andrea actually employed illegal immigrants is a matter of objectively verifiable fact. See Tatum , 493 S.W.3d at 668 ; Miranda , 390 S.W.3d at 552.
The trial court reasonably could have rejected Glassdoor's argument that the ordered discovery carried no likely benefit because the reviews in question consisted solely of nonactionable opinions and hyperbole.
c. Did the trial court abuse its discretion by ordering discovery despite the reviewers' First Amendment right to speak anonymously?
Finally, Glassdoor asserts that the First Amendment bars Andra's effort to discover the anonymous reviewers' identities. Its argument proceeds in the following steps:
• The First Amendment protects the right to speak anonymously. See, e.g. , McIntyre v. Ohio Elections Comm'n , 514 U.S. 334, 342, 115 S.Ct. 1511, 131 L.Ed.2d 426 (1995) ("[A]n author's decision to remain anonymous ... is an aspect of the freedom of speech protected by the First Amendment.").
• This right must be balanced against the right of others to hold accountable those who engage in speech not protected by the First Amendment. See In re Does 1-10 , 242 S.W.3d 805, 820 (Tex. App.-Texarkana 2007, orig. proceeding).
• Although different jurisdictions have struck this balance in different ways, this Court should follow In re Does 1-10 and hold that a person seeking to discover an anonymous speaker's identity cannot obtain this discovery unless it first produces evidence sufficient to defeat a traditional summary judgment motion based on the First Amendment right of free speech. See ids="8307258" index="32" url="https://cite.case.law/sw3d/242/805/#p820">id. at 821-23 & n.13.
• Andra did not meet its burden under In re Does 1-10 because (i) the evidence shows that any defamation claims based on the July and October 2014 reviews are time-barred and (ii) the allegedly defamatory statements in those reviews are not verifiable statements of fact.
*293 For purposes of this opinion, we will assume without deciding that Glassdoor's first three premises are correct. Glassdoor's argument nevertheless fails because its fourth premise is not. For the reasons already stated, we conclude that Andra produced evidence sufficient to raise a genuine fact issue that (i) it has a potentially viable business disparagement claim that is not time-barred and (ii) both reviews contain as least one disparaging statement that is a verifiable statement of fact. Thus, Glassdoor's First Amendment argument does not show that trial court acted unreasonably or arbitrarily by ordering discovery that will disclose the two reviewers' identities.
d. Conclusion
Glassdoor has not shown that the trial court abused its discretion by granting the Rule 202 relief that it did. Accordingly, we overrule Glassdoor's second issue.
B. Issue One: Did the trial court err by denying appellants' Chapter 27 dismissal motion?
Appellants' first issue argues that the trial court erred by denying their Chapter 27 motion to dismiss Andra's petition and to recover fees, expenses, and sanctions. Initially, we question whether this issue has been sufficiently briefed. Nonetheless, for the reasons that follow, we overrule appellants' first issue.
1. Applicable Law and Standard of Review
The legislature enacted Chapter 27 "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Id. § 27.002.
Chapter 27's main feature is a motion procedure that enables a defendant to seek the dismissal of frivolous claims and to recover attorneys' fees and sanctions. Watson v. Hardman , 497 S.W.3d 601, 605 (Tex. App.-Dallas 2016, no pet.). Under the procedure:
• The movant bears the initial burden to show by a preponderance of the evidence that the legal action "is based on, relates to, or is in response to" the movant's exercise of the right of free speech, petition, or association. CIV. PRAC. & REM. § 27.005(b).
• If the movant carries its initial burden, the nonmovant must establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." Id. § 27.005(c). If the nonmovant fails to carry this burden, the trial court shall dismiss the legal action. Id. § 27.005(b) - (c).
• Even if the nonmovant carries its burden, the trial court shall dismiss the legal action if the movant establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim. Id. § 27.005(d).
If the trial court dismisses a legal action, it shall award the movant court costs, reasonable attorneys' fees, other expenses, and sanctions. Id. § 27.009(a).
We review de novo the trial court's determinations that the parties met or failed to meet their § 27.005 burdens. Watson , 497 S.W.3d at 605.
2. Application of the Law to the Facts
To prevail in their appeal, appellants must show that (i) Andra's Rule 202 petition was a "legal action," (ii) that Andra's claim was based on, related to, or was in *294 response to appellants' exercise of a protected right, and either (iii-a) Andra failed to produce clear and specific evidence making out a prima facie case on each element of its claim or (iii-b) appellants established by a preponderance of the evidence every element of a valid defense. See CIV. PRAC. & REM. § 27.005. For purposes of this opinion, we specifically do not decide whether a Rule 202 petition is a "legal action" for Chapter 27 purposes because even if it were, appellants have failed to meet their burden under steps (iii-a) and (iii-b) above.
a. Did Andra carry its § 27.005(c) burden?
The threshold issue is determining the elements of the "claim" in question. Appellants argue that the "claim" is the potential claim (such as business disparagement) that Andra is seeking to investigate, while Andra argues that the "claim" is only the Rule 202 request for discovery.
Andra's Rule 202 petition asserted that Andra desired to investigate potential claims. The only relief it requested was a deposition of a Glassdoor representative and the production of certain documents. The only "element" Rule 202 required Glassdoor to prove was that the likely benefit of allowing the discovery outweighed the burden or expense of the procedure. See TEX. R. CIV. P. 202.4(a)(2). Assuming that Chapter 27 applied to Andra's Rule 202 petition, we conclude that § 27.005(c) required Andra to produce clear and specific evidence only as to the requirements of Rule 202.4(a)(2).
As to the evidence, appellants merely refer us to their arguments under their second issue as to why Rule 202 relief was improper on the merits. We have already rejected those arguments under issue two, concluding that Andra put on some evidence to support the trial court's Rule 202.4(a)(2) finding. For purposes of issue one, we need to determine only whether Andra's evidence supporting Rule 202 relief also qualifies as "clear and specific." In this context, "clear and specific evidence" means that the plaintiff must provide enough detail to show the factual basis for its claim. In re Lipsky , 460 S.W.3d 579, 591 (Tex. 2015) (orig. proceeding). We also keep in mind that Chapter 27 "does not impose a higher burden of proof than that required of the plaintiff at trial." Id. For the reasons that follow, we conclude that Andra's evidence met the clear and specific standard.
First, appellants argue that the discovery carries no benefits because the anonymous reviews were nonactionable opinions or hyperbole. The reviews themselves were filed as evidence, and they contained disparaging statements of verifiable fact. Moreover the evidence authenticating those reviews and statements showed the factual basis for Andra's request for Rule 202 relief. Accordingly, the evidence of potentially actionable statements was "clear and specific." See ids="6872091" index="42" url="https://cite.case.law/sw3d/460/579/#p591">id.
Second, appellants argue that the discovery carries no benefits because (i) any potential defamation claims would be time-barred and (ii) Andra's potential business disparagement claims were unsupported by evidence of special damages. We have already concluded that Andra produced some evidence of special damages. We now conclude that Andra's special damages evidence described above-the affidavits proving up Andra's additional recruiting expenses caused by the negative reviews posted on Glassdoor-showed the factual basis for Andra's Rule 202 petition. The affidavits identified two specific employees who had to be hired through a recruiter because of the negative reviews, and they quantified the additional expense the reviews caused Andra to incur. Thus, as to *295 the challenged element of special damages, Andra produced clear and specific evidence of a potentially viable claim that was not time-barred.
We conclude that Andra satisfied its § 27.005(c) burden.
b. Did appellants establish a defense under § 27.005(d) ?
Appellants argue that they established that any potential claims based on the July and October 2014 reviews are time barred and so they were entitled to dismissal under § 27.005(d). We disagree.
Under § 27.005(d), appellants had to establish "by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." CIV. PRAC. & REM. § 27.005(d). As we concluded above, the "claim" in this case is Andra's request for Rule 202 relief, not the potential claims Andra sought to investigate. Appellants did not establish, or even argue, that the Rule 202 request was directly time-barred. They argued only that the discovery sought offered Andra no benefit because any potential defamation claim would be time-barred.
We conclude that appellants did not establish a valid defense to Andra's Rule 202 petition. Accordingly, they were not entitled to dismissal under § 27.005(d).
3. Conclusion
For the foregoing reasons, we overrule appellant's first issue.
III. DISPOSITION
Having overruled appellants' issues, we affirm the trial court's order denying appellants' dismissal motion and determining Andra's Rule 202 petition.

Although Does 1 and 2 were not joined as parties, nor did they formally intervene in the case as such, they joined the dismissal motion to protect their claimed First Amendment rights to speak anonymously. Andra did not object to that participation.

A presuit deposition order is appealable if the discovery is sought from someone against whom suit is not anticipated. In re Jorden , 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding). Andra specifically alleged that it did not anticipate any claims against Glassdoor.

The two hearings in this case were non-evidentiary. In prior cases, we have stated that the party seeking Rule 202 deposition must provide evidence on which the trial court can make its finding, that evidence ordinarily must be presented to the trial court at the hearing, and that neither sworn or verified pleadings nor counsel's arguments are evidence. In re Dallas Cty. Hosp. Dist. , 2014 WL 1407415, at *3 ; see also In re Noriega , No. 05-14-00307-CV, 2014 WL 1415109, at *2 (Tex. App.-Dallas Mar. 28, 2014, orig. proceeding) (mem. op.) (party seeking Rule 202 deposition must provide evidence on which trial court can make finding); In re Campo , 2013 WL 3929251, at *1 (mandamus conditionally granted where no evidence was presented to the trial court at the hearing on the motion and party seeking Rule 202 deposition did not formally offer or admit its verified pleading at the hearing). However, in the case before us, unlike the cases cited above, the trial court's record contained numerous affidavits-a result of the Chapter 27 proceeding-in addition to the verified petition generally found in the record. Additionally, the trial court's order states it considered "the pleadings, evidence, and arguments of counsel." Mindful of the Texas Supreme Court's statement that when "all the evidence is filed with the clerk and only arguments by counsel are presented in open court, the appeal should be decided on the clerk's record alone," Michiana Easy Livin' Country, Inc. v. Holten , 168 S.W.3d 777, 782 (Tex. 2005) (footnote omitted), we will consider the evidence in the clerk's record to resolve Glassdoor's second issue.

Andra argues that appellants failed to preserve argument (iv) in the trial court. Because we reject appellants' lack of notice point even if we consider argument (iv), we need not decide whether appellants preserved that argument.

Glassdoor contends that the trial court took these statements out of context when it identified the five statements within the two reviews that justified the discovery. But it does not explain how the context of these statements makes them non-actionable. Although the reviews contain other statements that would probably be nonactionable opinion ("low pay, horrible benefits") and hyperbole ("it[']s practically slavery in that warehouse"), we conclude that other statements in the reviews are statement of verifiable fact.