**Reverse; Render in part; and Remand and Opinion Filed July 6, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01355-CV

### DARRELL WATSON, Appellant
### V.
### MELODY HARDMAN AND DREW HARDMAN, Appellees

**On Appeal from the County Court At Law No. 1**
**Kaufman County, Texas**
**Trial Court Cause No. 93392-CC**

## OPINION

Before Justices Lang, Evans, and Whitehill
Opinion by Justice Whitehill

Appellant Darrell Watson raises three issues in this interlocutory appeal from the denial of his dismissal motion filed under the Texas anti-SLAPP statute, civil practice and remedies code Chapter 27. We sustain his first two issues and reverse the order denying his motion. We sustain his third issue in part, rendering judgment dismissing appellees' defamation claims based on Watson's Rule 202 petition but otherwise remanding the case for further proceedings consistent with this opinion.

### I. BACKGROUND

A.     **Factual Allegations.**

Appellees' live petition alleges the following facts:

In November 2014, a serious auto accident occurred in Louisiana. The accident killed Michael and Trudi Hardman. Appellees Drew and Melody Hardman were Michael's brother and sister-in-law. Appellant Darrell Watson was Trudi's ex-husband.

Michael had three children by a prior marriage. Trudi had two children by her prior marriage with Watson. Michael and Trudi had one child together.

The auto accident also killed Michael and Trudi's child, one of Michael's children, and one of Trudi and Watson's children.

One of the Hardmans' friends established a "Go Fund Me" account online to accept donations for the Hardmans. Three days later, a statement was added to the Go Fund Me webpage stating that donated funds would first be used to pay for the funerals of the accident victims and then distributed to the three surviving children. Almost immediately, Watson began to demand "his son's share" of those funds.

Later, Trudi's family created a second Go Fund Me account. The funds raised through this account were directed to the Hardman family, who placed them in a benevolent bank account. Additional donations received through other means were also placed in that account.

The donated funds received from all sources totaled about $60,000. This amount was reduced to about $30,000 after the funeral and related expenses were paid. The Hardmans eventually gave Watson three checks totaling slightly over one-third of the leftover funds for the benefit of Trudi and Watson's child.

Watson continued to seek more funds from the original Go Fund Me account, demanding records and threatening to sue. The Hardmans supplied some information to him.

In June 2015, Watson filed a Rule 202 petition against the Hardmans in Rockwall County. That petition alleged that the Hardmans had misappropriated funds for their own use.

**B.     Procedural History.**

In July 2015, the Hardmans filed this separate lawsuit against Watson in Kaufman County.  The Hardmans asserted defamation and intentional infliction of emotional distress claims.  They also sought declaratory and injunctive relief.  Watson answered, asserting a general denial and affirmative defenses.

The Hardmans later filed the amended petition that is their live pleading in the case. They continued to assert claims for defamation, intentional infliction of emotional distress, and declaratory and equitable relief.  The most specific factual allegation supporting their claims is this:

> The Defendant's 202 Petition filed in Rockwall County is, on information and belief, <u>but one example</u> of the many communications, made by Defendant, accusing Plaintiffs of malfeasance and theft.

(Emphasis in original.)

Watson then filed a Chapter 27 dismissal motion seeking dismissal of the Hardmans' defamation claims, attorneys' fees, and sanctions.  He attached his lead counsel's affidavit, his Rule 202 petition, and the court's order granting the Rule 202 petition.

The Hardmans filed a combined response and motion for leave to conduct discovery. They attached exhibits, including Drew Hardman's affidavit.

Watson filed a reply and a separate written objection to the Hardmans' evidence.

Two days before the hearing on Watson's motion, the Hardmans filed Melody Hardman's affidavit in support of their response.  Watson filed an objection to the affidavit the day before the hearing.

The trial judge held a hearing on Watson's motion and denied it.

Watson timely perfected this interlocutory appeal.  *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12).

–3–

## II. ISSUES

Watson asserts three issues:

1. Watson carried his § 27.005(b) burden by showing that the Hardmans' suit was in response to Watson's exercise of his right of free speech and right to petition.

2. The trial court abused its discretion by declining to rule on Watson's objections to the Hardmans' evidence, and, regardless of whether it so erred, the Hardmans failed to carry their § 27.005(c) burden.

3. The Hardmans' defamation claims should be dismissed, and the case should be remanded to consider Watson's attorneys' fees and sanctions.

For the reasons that follow, we resolve Watson's issues as follows:

1. We sustain Watson's first issue because (i) his Rule 202 petition was an exercise of the right to petition and (ii) his other alleged defamatory communications were exercises of the right of free speech.

2. We sustain Watson's second issue because (i) his Rule 202 petition was protected by absolute privilege and (ii) the Hardmans did not carry their § 27.005(c) burden as to Watson's other communications.

3. We sustain Watson's third issue to the extent that we render judgment dismissing the Hardmans' defamation claims based on Watson's Rule 202 petition, but we remand the remainder of the case for consideration of the Hardmans' request for an opportunity to conduct discovery.

## III. ANALYSIS

### A. Applicable Law and Standard of Review.

The legislature enacted Chapter 27 "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." CIV. PRAC. & REM. § 27.002.

Chapter 27's main feature is a motion procedure that enables a defendant to seek the dismissal of frivolous claims and to recover attorneys' fees and sanctions. *Tatum v. Hersh*, No. 05-14-01318-CV, 2015 WL 9583494, at *3 (Tex. App.—Dallas Dec. 30, 2015, pet. filed); *see also* CIV. PRAC. & REM. § 27.003. That statute provides for these procedures:

–4–

The movant has the initial burden to show by a preponderance of the evidence that the legal action "is based on, relates to, or is in response to" the movant's exercise of the right of free speech, petition, or association. CIV. PRAC. & REM. § 27.005(b).

If the movant carries its initial burden, the nonmovant must then establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). If the nonmovant fails to carry this burden, the trial court shall dismiss the legal action. *Id.* § 27.005(b)–(c).

Even if the nonmovant carries its § 27.005(c) burden, however, the trial court shall dismiss the legal action if the movant establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim. *Id.* § 27.005(d).

If the trial court dismisses a legal action, it shall award the movant court costs, reasonable attorneys' fees, other expenses, and sanctions. *Id.* § 27.009(a).

We review de novo the trial court's determinations that the parties met or failed to meet their § 27.005 burdens. *Tervita, LLC v. Sutterfield*, 482 S.W.3d 280, 282 (Tex. App.—Dallas 2015, pet. denied).

**B. Issue One: Did Watson carry his initial burden under § 27.005(b)?**

The threshold question is whether Watson showed by a preponderance of the evidence that the Hardmans' defamation claims are based on, relate to, or are in response to Watson's exercise of a protected right. *See* CIV. PRAC. & REM. § 27.005(b). We conclude that Watson carried his burden because (i) a Rule 202 petition initiates a judicial proceeding, (ii) that proceeding need not itself address the government or a matter of public concern, and (iii) possible misuse of publicly solicited benevolent funds involves a matter of community interest and thus a public concern.

### 1. The Rule 202 Petition.

The Hardmans' defamation claims are based in part on statements Watson made in his Rule 202 petition seeking discovery about the Hardmans' use of the donated funds. According to the Hardmans' live pleading, Watson's Rule 202 petition alleged that they "misappropriated . . . funds for their own use" and sought to investigate whether they had violated the Texas Theft Liability Act. Watson's evidence shows that he filed his petition in Rockwall County district court and that he obtained some relief on that petition.

Watson argues that his Rule 202 petition was an exercise of his right to petition under Chapter 27. For the following reasons, we agree.

Chapter 27 assigns numerous definitions to the phrase the "exercise of the right to petition." The first definition is "a communication in or pertaining to . . . a judicial proceeding." CIV. PRAC. & REM. § 27.001(4)(A)(1). A Rule 202 petition is a petition asking a court for an order authorizing an oral deposition or a deposition on written questions either for use in an anticipated suit or to investigate a potential claim or suit. *See* TEX. R. CIV. P. 202.1. Rule 202 spells out the procedures to be used in adjudicating the petition. *See* TEX. R. CIV. P. 202.2–.4. A Rule 202 hearing can be a contested matter. *See* TEX. R. CIV. P. 202.4 (setting forth matters petitioner must prove to obtain relief). We thus conclude that a Rule 202 proceeding is a "judicial proceeding" for Chapter 27 purposes, and that Watson's Rule 202 petition was therefore a communication in or pertaining to a judicial proceeding. Watson's Rule 202 petition was therefore an exercise of the right to petition under Chapter 27. *See* CIV. PRAC. & REM. § 27.001(4)(A)(i).

The Hardmans, however, argue that a communication made in a judicial proceeding does not qualify as an exercise of the right to petition unless the lawsuit's subject itself concerns the

government or a public interest. They rely on *Jardin v. Marklund*, 431 S.W.3d 765 (Tex. App.—Houston [14th Dist.] 2014, no pet.), for support. We are not persuaded.

The statute provides that a communication is an exercise of the right to petition if it is made in or pertains to "a judicial proceeding." CIV. PRAC. & REM. § 27.001(4)(A)(i). The legislature could have qualified or limited the term "a judicial proceeding" as the Hardmans propose, but it did not. Because the statute is unambiguous, we give it its plain meaning, presuming that "words not included were purposefully omitted" by the legislature. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam).

Nonetheless, the Hardmans argue that dicta in the *Jardin* opinion support the premise that a communication does not qualify as an exercise of the right of petition unless the communication is also somehow in the public interest. *See Jardin*, 431 S.W.3d at 772. But they concede that *Jardin* was actually decided on other grounds—specifically, that the movant had not actually made the communications that gave rise to the suit. *Id.* at 773–74. We also note that the *Jardin* dicta rely heavily on a court of appeals opinion that the supreme court later reversed. *See id.* at 771–72 (repeatedly citing *Whisenhunt v. Lippincott*, 416 S.W.3d 689 (Tex. App.—Texarkana 2013), *rev'd*, 462 S.W.3d 507 (Tex. 2015) (per curiam)). The supreme court held that a Chapter 27 movant who relies on the "free speech" prong need not prove that his communication was made in a public form because the statute does not contain such a requirement. *Lippincott*, 462 S.W.3d at 508. By the same token, the statutory definition of "exercise of the right to petition" does not include a public interest requirement, and we will not engraft one onto the statute.

To the extent the Hardmans' defamation claims are based on Watson's Rule 202 petition, Watson carried his § 27.005(b) burden.

## 2. Other Accusations.

The Hardmans' defamation claims are also predicated on other communications by Watson accusing them of "malfeasance and theft" regarding the charitable funds. The Hardmans' live pleading supplies no other details about Watson's alleged statements. The Hardmans' affidavits in opposition to Watson's dismissal motion add few supporting details. The affidavits state only that the Hardmans heard "in the community" that Watson was accusing them of stealing from Watson and Trudi's son.

Watson argues that any statements he may have made accusing the Hardmans of stealing from the charitable funds and from his and Trudi's son were exercises of the right of free speech under Chapter 27. For the following reasons, we agree.

Under Chapter 27, "exercise of the right of free speech" means a communication made in connection with a matter of public concern. Civ. Prac. & Rem. § 27.001(3). The statute gives the phrase "matter of public concern" several definitions, including the one Watson relies on: "an issue related to . . . community well-being." *Id.* § 27.001(7)(B). The statute does not define "community well-being," but courts have held statements to be related to community well-being in a variety of contexts:

- Statements about a children's baseball coach's angry and aggressive behavior during a game. *Bilbrey v. Williams*, No. 02-13-00332-CV, 2015 WL 1120921, at *11 (Tex. App.—Fort Worth Mar. 12, 2015, no pet.) (mem. op.).

- Statements by homeowners association members about possible misconduct by the association's property manager. *Neyland v. Thompson*, No. 03-13-00643-CV, 2015 WL 1612155, at *5 (Tex. App.—Austin Apr. 7, 2015, no pet.) (mem. op.).

- Statements accusing someone of identity theft. *Deaver v. Desai*, 483 S.W.3d 668, 673 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

We have held that statements that a dentist had been charged with defrauding taxpayers out of tens of millions of dollars in a Medicaid scam related to a matter of public concern under

the community well-being prong and other prongs of the statute. *AOL, Inc. v. Malouf*, No. 05-13-01637-CV, 2015 WL 1535669, at *2 (Tex. App.—Dallas Apr. 2, 2015, no pet.) (mem. op.).

Here, Watson allegedly accused the Hardmans of stealing publicly solicited charitable funds earmarked for Michael's and Trudi's surviving children. We conclude that such accusations relate to community well-being, specifically the well-being of those members of the public who donated money to the funds and of the surviving children who were to receive the charitable funds left after funeral expenses were paid.

The Hardmans, however, argue that Watson did not meet his burden to show that their defamation claims related to his exercise of the right of free speech because he did not present any evidence of the putative matter of public concern. But the statute provides that the court shall consider not only affidavits but also the pleadings when determining whether an action should be dismissed. CIV. PRAC. & REM. § 27.006(a). As discussed above, the Hardmans' own live pleading alleges facts demonstrating that Watson's alleged accusations against them related to a matter of public concern—specifically, community well-being.

We thus conclude that Watson was not required to adduce additional evidence beyond the pleadings in order to carry his § 27.005(b) burden. *See Serafine v. Blunt*, 466 S.W.3d 352, 360 (Tex. App.—Austin 2015, no pet.) ("The Act does not require [the movant] to present testimony or other evidence to satisfy her evidentiary burden [under § 27.005(b)].").

### 3. Conclusion.

For the above reasons, we sustain Watson's first issue.

**C. Issue Two: Did the trial court err in its evidentiary rulings and in concluding that the Hardmans met their burden under § 27.005(c)?**

Watson's second issue argues that the trial court erred by failing to dismiss the Hardmans' defamation claims. He argues that the claims based on the Rule 202 petition are

barred by absolute privilege, and that the Hardmans failed to support their claims based on Watson's other alleged statements with clear and specific evidence of every element.

He also complains about the trial court's failure to rule on his objections to the Hardmans' evidence. We need not consider Watson's objections because, as shown below, Watson prevails even if we consider all of the Hardmans' evidence.

### 1. The Rule 202 Petition.

At the outset we note a slight mismatch between Watson's argument and the statutory framework. Watson's argument regarding the Hardmans' claims based on his Rule 202 petition is that those claims are barred by absolute privilege, which is a defense. *See Tervita, LLC*, 482 S.W.3d at 284–85. This argument should be made under § 27.005(d), which provides that the trial court shall dismiss a legal action covered by Chapter 27 if the defendant establishes by a preponderance of the evidence every element of a valid defense. *See* CIV. PRAC. & REM. § 27.005(d); *Tervita, LLC*, 482 S.W.3d at 284–85. But instead, Watson argues that the absolute privilege defeats the Hardmans' attempt to establish by clear and specific evidence each essential element of their defamation claims. Regardless, we construe Watson's brief liberally and analyze its merits under the applicable statute. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam) (appellate briefs must be construed "reasonably, yet liberally, so that the right to appellate review is not lost by waiver"); *cf. Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896–97 (Tex. 2000) (defendant could rely on punitive-damages cap even though it cited wrong statute in its answer).

Here, the Hardmans argue that Watson failed to preserve his privilege argument in the trial court. But Watson pled judicial privilege in his answer as an affirmative defense. And the argument section of his dismissal motion contains this sentence: "Plaintiffs further cannot show that how [sic] absolute privilege does not apply to Defendant's Rockwall Rule 202 Petition."

–10–

We conclude that Watson's motion gave the Hardmans sufficient notice that he was relying on the privilege defense as a basis for dismissal.

On the merits, we agree with Watson. "The general rule is that communications made in the course of judicial or quasi-judicial proceedings are protected by an absolute privilege." *Stephan v. Baylor Med. Ctr. at Garland*, 20 S.W.3d 880, 890 (Tex. App.—Dallas 2000, no pet.); *see also James v. Brown*, 637 S.W.2d 914, 916–17 (Tex. 1982) (privilege attaches to pleadings in a case). "'Any communication, even perjured testimony, made in the course of a judicial proceeding, cannot serve as the basis for a suit in tort.'" *Tervita, LLC*, 482 S.W.3d at 285 (citation omitted). The Hardmans respond that the privilege is conditional, but this contention is incorrect, as the above authorities show.

Accordingly, we conclude that Watson established a valid defense to the Hardmans' defamation claims based on the Rule 202 petition. The trial court erred by denying Watson's motion to dismiss those claims. *See* CIV. PRAC. & REM. § 27.005(d).

### 2.    Other Statements.

As to the Hardmans' defamation claims based on Watson's alleged extra-judicial statements that the Hardmans were committing malfeasance and theft, we conclude that the Hardmans did not carry their burdens under § 27.005(c).

Defamation's elements are (i) the publication of a false statement of fact to a third party, (ii) that was defamatory concerning the plaintiff, (iii) with the requisite degree of fault (negligence or actual malice, depending on the context), and (iv) damages (unless the defamatory statements are defamatory per se). *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) (orig. proceeding).

Under § 27.005(c), the Hardmans had to establish by clear and specific evidence a prima facie case for each such essential element. CIV. PRAC. & REM. § 27.005(c). The *Lipksy* court

–11–

explained that notice pleading merely reciting the elements of a cause of action will not satisfy § 27.005(c). 460 S.W.3d at 590–91. Instead, § 27.005(c) means a plaintiff must provide enough detail to show the claim's factual basis. *Id*. at 591. As an example, *Lipsky* holds that "pleadings and evidence that establishes the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff should be sufficient" to defeat a Chapter 27 dismissal motion. *Id*.

Watson argues that the Hardmans did not produce clear and specific evidence of the matters identified in *Lipsky*—the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the Hardmans.

The Hardmans' evidence consisted of the following: (i) an affidavit by each appellee, (ii) something that appears to be a printout of electronic messages between someone named Ashlea Bell Watson and someone named Chrissy Cummons Allmann, and (iii) copies of documents related to one of Watson's attorneys' legal and ethical difficulties. Categories (ii) and (iii) contain nothing that supports the Hardmans' prima facie case against Watson. And the affidavits are virtually identical. For convenience, we quote only Drew's affidavit:

> On information and belief, starting as early as December, 2014, within days of the death of Mich[ae]l and Trudi and most of their blended family, I began to hear accusations in the community directed and coming from Defendant, that I and or my wife, were stealing or may steal from [Watson and Trudi's surviving son]. I have also heard the Defendant refers to the departed, Michael and Trudi, as the "adulterers." These accusations culminated in accusations that I had stolen money from [Watson and Trudi's surviving son]. These accusations are false and were made by Defendant, without regard to the truth of the accusations.

We can also consider the Hardmans' pleading, *see* CIV. PRAC. & REM. § 27.006(a), but their live pleading does not allege any details beyond those in their affidavits.

The Hardmans' affidavits give more detail than mere notice pleading would, but they do not supply all the details that *Lipsky* says "should be sufficient" to defeat a Chapter 27 dismissal motion. The Hardmans' affidavits, taken as true, support the premise that Watson said that the

–12–

Hardmans were stealing, may steal, and had stolen from Watson and Trudi's surviving son. In terms of the *Lipsky* example, *see* 460 S.W.3d at 591, the Hardmans' evidence shows what Watson said and shows the defamatory nature of Watson's statements, but it does not show when or where Watson made these statements. Nor does the Hardmans' evidence show to whom Watson made these statements. (The evidence also does not show how the statements damaged the Hardmans, but Watson's statements qualify as defamation per se, so the Hardmans did not need to produce damages evidence. *See id*. at 595–96.)

According to *Lipsky*, the clear and specific evidence requirement ultimately means that the "plaintiff must provide enough detail to show the factual basis for its claim." *Id*. at 591. We conclude that the Hardmans' evidence did not satisfy this test. The Hardmans' evidence showed at most that Watson said—somewhere, on one or more unspecified occasions—that the Hardmans were stealing or had stolen from Watson and Trudi's son. The evidence did not establish when Watson said these things, where he said them, or to whom he said them. Given these gaps in the record, we conclude that the Hardmans' evidence did not adequately show the factual basis for their claims. Thus, the Hardmans did not carry their § 27.005(c) burden.

Accordingly, the trial court also erred by denying Watson's motion to dismiss the Hardmans' defamation claims based on Watson's alleged extra-judicial statements about the Hardmans.

**D.     Issue Three:  Is Watson entitled to dismissal of the Hardmans' defamation claims and remand for assessment of court costs, attorneys' fees, other expenses, and sanctions?**

Watson's third issue argues that if we sustain his first two issues, we should render judgment dismissing the Hardmans' defamation claims and remand the case for assessment of costs, fees, expenses, and sanctions under § 27.009(a). He says that we have done this in other Chapter 27 cases. *See, e.g.*, *Backes v. Misko*, No. 05-14-00566-CV, 2015 WL 1138258, at *17

–13–

(Tex. App.—Dallas Mar. 13, 2015, pet. denied); *Better Bus. Bureau of Metro. Dallas, Inc. v. Ward*, 401 S.W.3d 440, 445 (Tex. App.—Dallas 2013, pet. denied).

The Hardmans counter that the trial court did not abuse its discretion by awarding Watson no attorneys' fees because Watson's fee evidence was impeached and did not meet the standards usually applicable to interested witness testimony. But because the trial court denied Watson's dismissal motion, Watson was not entitled to an award of fees. Thus, the trial court had no reason to consider Watson's fee evidence, and the reporter's record of the hearing of Watson's motion shows that the court did not do so.

Finally, the Hardmans argue that we should allow the trial court to consider their alternative motion for leave to conduct discovery as permitted by § 27.006. Specifically, the Hardmans' response to Watson's dismissal motion contained a cross-motion for permission to conduct discovery about Watson's alleged defamatory statements and his request for attorneys' fees. The trial court did not reach this cross-motion since it denied Watson's motion.

Our Chapter 27 opinions cited by Watson are distinguishable because they contain no indication that the claimants requested an opportunity to conduct discovery either in the trial court or on appeal. *See Backes*, 2015 WL 1138258, at \*5; *Better Bus. Bureau*, 401 S.W.3d at 442–43 & n.1.

Because the Hardmans preserved a request to conduct discovery as permitted by § 27.006(b) and the trial court did not rule on that request, we conclude that the proper course is to remand so that the trial court can consider that request.

## IV. CONCLUSION

We reverse the trial court's order denying Watson's dismissal motion with respect to the Hardmans' defamation claims. We render judgment dismissing the Hardmans' defamation

claims to the extent they are based on Watson's Rule 202 petition. We remand the case for further proceedings consistent with this opinion.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

151355F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DARRELL WATSON, Appellant

No. 05-15-01355-CV       V.

MELODY HARDMAN AND DREW
HARDMAN, Appellees

On Appeal from the County Court At Law
No. 1, Kaufman County, Texas
Trial Court Cause No. 93392-CC.
Opinion delivered by Justice Whitehill.
Justices Lang and Evans participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's order denying appellant Darrell Watson's motion to dismiss. We **RENDER** judgment dismissing appellees Melody Hardman's and Drew Hardman's defamation claims to the extent they are based on appellant Darrell Watson's Rule 202 petition. We **REMAND** this cause to the trial court for further proceedings consistent with the opinion.

It is **ORDERED** that appellant Darrell Watson recover his costs of this appeal from appellees Melody Hardman and Drew Hardman.

Judgment entered July 6, 2016.