**REVERSE and REMAND; and Opinion Filed July 31, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01224-CV

### GLOBAL TEL*LINK CORPORATION, Appellant
### V.
### SECURUS TECHNOLOGIES, INC., Appellee

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-05352**

## MEMORANDUM OPINION
Before Justices Bridges, Myers, and Brown
Opinion by Justice Brown

Global Tel*Link Corporation ("GTL") moved to dismiss a suit brought by Securus Technologies, Inc. ("Securus") based on the provisions of the Texas Citizen's Protection Act ("TCPA"). Securus responded asserting the commercial speech exception applied to its suit or, in the alternative, it had clear and convincing evidence to support the claims asserted. Following a hearing, the trial court denied GTL's motion. In this interlocutory appeal, GTL asserts the trial court abused its discretion in denying the motion because: (1) Securus's suit was based on communications protected by the TCPA; (2) the commercial speech exception did not apply to those communications; and (3) Securus did not present clear and convincing evidence to support its claims. For the following reasons, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

## BACKGROUND

Securus and GTL provide telephone and video communications system services at correctional facilities for the use of inmates and law enforcement agencies. The services are generally provided pursuant to multi-year contracts that are awarded based on open public bidding. Securus and GTL own patents to protect intellectual property related to such services and are currently involved in litigation against each other in federal court related to their respective patents. Amongst GTL's claims in that litigation are its contention that Securus infringes on two GTL patents, the "'243 patent," which involves technology related to video visitation with inmates and the "'816 patent," which involves technology related to inmate phone calls. Securus denied that it infringes on either patent and also challenged the validity of both patents. In connection those challenges, Securus filed petitions for inter partes review (IPR) in the U.S. Patent and Trademark Office (PTO) requesting the PTO to reexamine the GTL patents and cancel various of the patents' claims.[1]

The PTO agreed to review Securus's challenge to GTL's '243 patent, but after doing so, rejected its challenge. After the PTO's ruling, GTL sent, via email, an "Important Industry News Alert" to members of law enforcement, correctional facility officers, and their representatives announcing the PTO's ruling. GTL said the ruling cleared the way for it to pursue its patent infringement claims against Securus and seek injunctive relief and damages. GTL further said, if granted, an injunction "could have ramifications for customers using the infringing technology."

GTL subsequently secured another favorable ruling from the PTO. Specifically, the PTO refused to reexamine GTL's '816 patent because Securus had failed to demonstrate a reasonable

---

[1] The IPR process allows a third party to ask the U.S. Patent and Trademark Office to reexamine the claims in an already-issued patent and to cancel any claim that the agency finds to be unpatentable in light of prior art. *See* 35 U.S.C. § 311(b) (scope of inter partes review); § 102 (requiring novelty to obtain patent); and § 103 (disqualifying patent claims that "would have been obvious ... to a person having ordinary skill in the art to which the claimed invention pertains"). The PTO may not initiate an inter partes review unless the petitioner shows there is a reasonable likelihood it will prevail on at least one of the claims challenged. 35 U.S.C.A. § 314.

likelihood it would prevail on its challenge. GTL then sent another email, again titled "Important Industry News Alert." That email similarly stated the PTO's ruling cleared the way for GTL to pursue its patent infringement claims and seek an injunction. GTL noted that "if granted" an injunction would prohibit Securus from using GTL's "patented technologies . . . at all facilities where infringement is occurring." GTL added that "they were only months away from finally being able to show a jury how Securus infringes on the GTL patents."

Securus sued GTL for defamation and business disparagement claiming the emails falsely represented that GTL's victory in the patent litigation was "assured" and that those receiving the emails were using infringing technologies. Securus also asserted a claim for tortious interference with existing contracts asserting GTL sent the emails to its customers in order to induce them to breach their contracts with Securus.

GTL filed a motion to dismiss under the TCPA asserting Securus's claims were all based on communications protected by that Act. Secures responded the "commercial speech exception" applied to GTL's communications. In the alternative, it asserted it had clear and specific evidence supporting each element of its claims. Following a hearing, the trial court denied GTL's motion without specifying its reasons. GTL appeals.

### TEXAS CITIZENS PARTICIPATION ACT

The Texas Legislature enacted the TCPA "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.002; *see also In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding); *Watson v. Hardman*, 497 S.W.3d 601, 605 (Tex. App.–Dallas 2016, no pet.). The legislature has

3

instructed courts to construe the TCPA liberally to effect its purpose and intent fully. TEX. CIV. PRAC. & REM. CODE ANN. § 27.011.

Under the TCPA, "a court shall dismiss a legal action against the moving party if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." *Id.* at § 27.005(b). The TCPA defines the "exercise of the right to petition" to include communications in or pertaining to a judicial proceeding, other official proceedings to administer the law or before a department of the federal government. *See id.* at § 27.001. If the movant establishes a suit is based on protected communications, the trial court shall dismiss the action unless the non-movant establishes by "clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* at § 27.005(c); *see also Lipsky*, 460 S.W.3d at 584.

The TCPA also provides certain actions are exempt from its provisions, one of which courts refer to as the "commercial speech exception." It provides:

> [The TCPA] does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer.

TEX. CIV. PRAC. & REM. CODE ANN. § 27.010.

It is the nonmovants burden to show the exception applies to its suit. *See Better Bus. Bureau of Metro. Dallas, Inc. v. BH DFW, Inc.*, 402 S.W.3d 299, 309 (Tex. App.—Dallas 2013, pet. denied).

4

GTL asserts the trial court abused its discretion by denying its motion to dismiss because: (1) it showed Securus's suit was based on communications protected by the TCPA; (2) Securus failed to show the commercial speech exemption applied; and (3) Securus failed to come forward with sufficient evidence to support its claims.

It is undisputed that Securus's claims are based on GTL's communications and that those communications pertained to federal court litigation and proceedings before the PTO. The TCPA defines the right to petition to include such communications and Securus did not contend otherwise. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b) ("right to petition" includes communications pertaining to judicial and other official proceedings). We conclude GTL met its burden to show by a preponderance of the evidence that Securus's suit is based on, relates to, or is in response to GTL's right to petition.

GTL next asserts the commercial speech exception does not apply to Securus's suit. TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(b). As noted, the commercial speech exception applies if the statement or conduct arises out of "the sale or lease of goods" or "a commercial transaction in which the intended audience is an actual or potential buyer or customer." *See id*. at § 27.010(b). In its response to GTL's motion, Securus claimed the exception applied because GTL's emails were "about" Securus's goods and services and GTL sent them to customers and potential customers in order to promote its own services. According to Securus, this was sufficient to show the commercial speech exception applied to GTLs communications.

Securus relies on four "prongs" the Houston First Court of Appeals held courts should consider when determining if the commercial speech exception applies. *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 88 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *see also Epperson v. Mueller*, 01-15-00231-CV, 2016 WL 4253978, at *10

(Tex. App.—Houston [1st Dist.] Aug. 11, 2016, no pet.). According to that Court, we should

consider:

> (1) The cause of action is against a person primarily engaged in the business of selling or leasing goods or services;
>
> (2) The cause of action arises from a statement or conduct by a seller consisting of representation of fact about that persons' or a business competitor's business operations, goods, or services;
>
> (3) The statement was made either for the purpose of obtaining approval for, promoting, or securing sales or leases of a commercial transaction in, the person's goods or services or in the course of delivering the persons goods or services; and
>
> (4) The intended audience for the statement or conduct is an actual or potential buyer or customer.

*See Newspaper Holdings*, 416 S.W.3d at 88.

The Houston Court borrowed those "prongs" from the elements of a commercial speech

exception passed by the California legislature. *See Newspaper Holdings*, 416 S.W.3d at 88; *see*

*also Simpson Strong-Tie Co., Inc. v. Gore*, 49 Cal. 4th 12, 27, 230 P.3d 1117, 1127 (2010).

However, the language and punctuation in the second, third, and fourth prongs comes directly

from the California statute.[2] We agree with the Amarillo Court of Appeals the California statute

does not control or even assist in the interpretation of our statute.[3] *See Castleman v. Internet*

*Money Ltd*., 07-16-00320-CV, 2017 WL 1449224, at *4 (Tex. App.—Amarillo Apr. 19, 2017,

pet. filed).

---

[2] Specifically, one of the requirements of the California statute is, "The statement or conduct consists of representations of fact about that person's or a business competitor's business operations, goods, or services, that is made for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services, or the statement or conduct was made in the course of delivering the person's goods or services." CAL. CIV. PROC. CODE § 425.17.

[3] That is not to say that some of the requirements of the California statute may not also be relevant in Texas. For example, evidence that a statement was made to promote sales would likely indicate the statement arose out of the sale or lease of goods or services.

As the Texas Supreme Court has repeatedly explained, in construing a statute we begin with the statute's plain language. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015). If that language is unambiguous, we interpret the statute according to its plain meaning. *Id.* We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted. *Id.*

Here, Securus showed the emails were "about" its services and that GTL had a commercial motive. It did not show GTL's communications arose out of any sale of either GTL's or Securus's goods or services, any contemplated or proposed sale, or any other actual or contemplated commercial transaction. We conclude Securus failed to show the exception applied to GTL's communications.

The final issue we must decide is whether Securus came forward with clear and specific evidence to support its claims for defamation, tortious interference with contract, and business disparagement. All of Securus's claims, including its tortious interference with contract claim, are premised on its factual contentions that GTL's emails represented that GTL's victory was assured as a result of the PTO's rulings and that the recipients of the emails would be directly impacted by such a victory. Securus acknowledges that GTL did not make the alleged representations directly, but it asserts a reasonable person would have perceived the emails as containing those representations. *See Bentley v. Bunton*, 94 S.W.3d 561, 579 (Tex. 2002). We disagree.

GTL's emails clearly state that the PTO rulings "cleared the way" to allow GTL to "pursue" its claims for patent infringement and to "seek" an injunction. To the extent GTL's emails conveyed confidence that it would prevail on its claims, that was not a factual statement, but an opinion as to the merits of its own claims. We also disagree a reasonable person could have read the emails as representing that any particular facility or recipient was using the

7

technology that GTL alleged infringed.  The emails did nothing to suggest they were directed to specific facilities.  To the contrary, they were entitled "Industry News Alert."  Moreover, the emails notified the recipients they were receiving them because they had subscribed to receive GTL emails.  We conclude Securus failed to present any evidence to support its claims.  As a result the trial court erred in denying GTL's motion to dismiss.

We therefore reverse the trial court's order and remand for a determination of costs, attorney's fees and other expenses as authorized under section 27.009(a).  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a).


/Ada Brown/
ADA BROWN
JUSTICE


161224F.P05

8



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GLOBAL TEL*LINK CORPORATION,
Appellant

No. 05-16-01224-CV     V.

SECURUS TECHNOLOGIES, INC.,
Appellee

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-05352
Opinion delivered by Justice Brown. Justices
Bridges and Myers participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's order and **REMAND** for further proceedings consistent with this opinion.

It is **ORDERED** that appellant GLOBEL TEL*LINK CORPORATION recover its costs of this appeal from appellee SECURUS TECHNOLOGIES, INC.

Judgment entered this 31st day of July 2017.