**Petition for Writ of Mandamus Denied and Majority and Concurring Opinions filed August 3, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00605-CV

## IN RE JOSE BANDIN AND MONICA BABAYAN, Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-06745**

## C O N C U R R I N G     O P I N I O N

I agree with my colleagues that relators have an adequate remedy by appeal, and I join the majority opinion. I also conclude that relators have not shown a clear abuse of discretion because nothing in the text of the TCPA prohibits post-hearing discovery. Moreover, even if there were such a prohibition, the TCPA does not entitle relators to the remedy they seek: withdrawal of the trial court's discovery order. For these additional reasons, the Court correctly denies relators' petition.

The TCPA sets short deadlines for hearing and ruling on a motion to dismiss. Tex. Civ. Prac. & Rem. Code Ann. §§ 27.004–27.005. Although the filing of a motion suspends discovery, "[o]n a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion [to dismiss]." *Id*. § 27.006(b). In most cases, a hearing on the motion must be set within 60 days after service of the motion, "but in no event shall the hearing occur more than 90 days after service" unless the court has allowed discovery. *Id*. § 27.004(a). "If the court has allowed discovery under Section 27.006(b), the court may extend the hearing date to allow discovery under that subsection, but in no event shall the hearing occur more than 120 days after the service of the motion . . . ." *Id*. § 27.004(c).

Relators contend that under this last provision, the trial court may not sign an order allowing discovery—or even consider any evidence received in response to previously allowed discovery—after a hearing has taken place. But the statute does not say that. If the Legislature had desired to limit post-hearing discovery, it could have commanded trial courts to extend the hearing date to allow discovery. Instead, it chose the word "may," making an extension of the hearing discretionary when discovery is ordered. Nor does the statute say that in no event shall the hearing occur before discovery is complete; it says that in no event shall the hearing occur more than 120 days after service. I also note there is no reason to think the Legislature would have assumed it was settled legal practice to complete discovery before a dispositive hearing. For example, trial courts have long had discretion to consider additional evidence received after a hearing in deciding whether to grant summary judgment. *See* Tex. R. Civ. P. 166a(c).

Under the plain language of the TCPA quoted above, the trial court did not clearly abuse its discretion by ordering discovery after the hearing. Section

2

27.006(b) gives the trial court authority to allow specified discovery, and nothing in the TCPA confines this authority to the period before the hearing. Given the TCPA's short deadlines and the difficulty of obtaining some types of discovery on a precise timetable, the Legislature wisely left the trial court some discretion to manage discovery and schedule hearings to meet the deadlines. To be considered, any allowed discovery must of course be received before the trial court rules on the motion, which it must do within 30 days after the hearing. Tex. Civ. Prac. & Rem. Code § 27.005(a). That deadline to rule has not yet passed, so there is still an opportunity for the trial court to receive and consider the discovery ordered.

Relators cite *Whisenhunt v. Lippincott*, 474 S.W.3d 30 (Tex. App.—Texarkana 2015, no pet.), as supporting their view that a post-hearing order for discovery is improper. In *Whisenhunt*, the trial court failed to rule on a post-hearing motion for discovery, and the court of appeals held no error had been preserved. *Id.* at 40–41. In this case, however, the State of Veracruz sought discovery before the hearing, further urged its request after the hearing, and secured a ruling from the trial court granting discovery—a possibility *Whisenhunt* expressly contemplates. *Id.* at 41. Unlike in *Whisenhunt*, the trial court did rule on the State's discovery motion, and its ruling granting discovery is not a clear abuse of the discretion the TCPA provides.

Yet even if the trial court had exceeded its authority by holding a hearing on the motion to dismiss and then ordering discovery, the remedy for that error is not necessarily the one relators seek. Relators ask this Court to "instruct[] the trial court to withdraw its order compelling Relators to appear for deposition . . . ." The trial court certainly could remedy any error by choosing to withdraw its order and instead denying discovery under section 27.006(b). But the trial court could also choose to "extend the hearing date" under section 27.004(c) to allow completion of the ordered

3

discovery and then hold a new hearing with the benefit of that discovery. *See Watson v. Hardman*, 497 S.W.3d 601, 611 (Tex. App.—Dallas 2016, no pet.) (holding trial court erred in denying TCPA motion after hearing and remanding for trial court to consider request to conduct discovery). Under the TCPA, this choice belongs to the trial court, not to relators. Accordingly, relators are not entitled to the remedy they request in their mandamus petition.

Having concluded that relators failed to demonstrate their entitlement to mandamus relief, I join my colleagues in voting to deny the petition.


/s/    J. Brett Busby
       Justice


Panel consists of Justices Boyce, Busby, and Wise (Boyce, J., majority).

4