**REVERSE and REMAND in part; AFFIRM in part; and Opinion Filed September 13, 2019**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

_____

**No. 05-18-01432-CV**

_____

**ANDREW DUNCAN AND HAYLEY MORRIS-DUNCAN, Appellants**
**V.**
**ACIUS GROUP, LP AND SURVIVOR OUTREACH SERVICES, LLC, Appellees**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-03198-2018**

## MEMORANDUM OPINION

Before Justices Whitehill,[1] Partida-Kipness, and Pedersen, III
Opinion by Justice Whitehill

This is an interlocutory appeal from the denial of appellants' dismissal motion under the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011. A pivotal question before us is whether allegations that a person engages in animal abuse and killing implicate a matter of public concern and thus constitute an exercise of the right of free speech as defined by the TCPA. In light of well-known public concerns over animal welfare issues, we answer that question yes.

---

[1] Justice Whitehill did not participate in oral argument but participated in the resolution of this appeal. Justice Carlyle participated in oral argument but not did not participate in the resolution of this appeal.

For this and other reasons discussed below, we affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

### A. Factual Allegations

Unless otherwise noted, we draw these allegations from plaintiffs–appellees' amended petition, which was the live petition when the trial court denied appellants' dismissal motion. For purposes of appeal on this record, we accept these allegations as true and as describing the nature of appellees' claims.

In December 2014, appellant Andrew Duncan became chief officer of operations for appellee ACIUS Group, LP.

Tom Maxwell was ACIUS's limited partner. Maxwell was also the only member of the other appellee, Survivor Outreach Services, LLC (SOS).

Duncan gave himself raises and bonuses without approval from any authorized ACIUS personnel. He also gave unapproved bonus payments to another ACIUS employee and used ACIUS's credit card to pay personal expenses.

In June 2018, ACIUS terminated Duncan's employment.

Appellees' original petition included additional allegations. It alleged that after ACIUS fired Duncan, his wife, Hayley Morris-Duncan, published some defamatory statements about Maxwell. These statements included calling him a "pathological liar" and accusing him of "abusing and/or killing his cherished horses, cattle and dogs." The original petition further alleged, on information and belief, that Duncan aided and abetted these publications.

**B.     Procedural History**

ACIUS and SOS originally sued both Duncan and Morris-Duncan for defamation, alleging that Morris-Duncan defamed Maxwell and Duncan aided and abetted her.  They also sued Duncan alone for fraud, common-law and statutory theft, and declaratory judgment.

Appellants timely filed a TCPA dismissal motion seeking dismissal of the entire lawsuit, costs, attorneys' fees, and sanctions.

Appellees then filed the amended petition that was their live pleading when the trial court denied appellants' dismissal motion.  The amended petition dropped Morris-Duncan from the lawsuit entirely.  It also dropped the defamation claim, leaving only the claims against Duncan for fraud, common-law and statutory theft, and declaratory judgment.  Appellees also responded to the dismissal motion.

The trial court conducted a hearing and took the motion under advisement.

A few days later, appellees filed a supplemental response to the dismissal motion.  Appellants moved to strike the supplemental response as untimely.

The trial judge did not issue an order on the dismissal motion within thirty days after the hearing, so the motion was denied by operation of law.  *See* CIV. PRAC. § 27.008(a).

Appellants timely perfected this interlocutory appeal from the denial of their dismissal motion.  *See id*. §§ 27.008(a), 51.014(a)(12)

## II.  ISSUES

Appellants raise three issues on appeal, which we summarize as follows:

1.     Did the trial court err by denying their motion to dismiss?

2.     Did the trial court err by denying their motion to strike certain affidavits?

3.     Did the trial court err by considering the supplemental response appellees filed after the hearing?

### III. ANALYSIS

**A.    Applicable Law and Standard of Review**

The TCPA authorizes defendants to use a dismissal motion procedure in civil cases involving certain specified rights.  This procedure involves up to three steps.

First, the movant bears the burden to prove by a preponderance of the evidence that the legal action against it is based on, relates to, or is in response to the movant's exercise of the right of free speech, association, or petition.  *See* CIV. PRAC. § 27.005(b).  If the movant does not carry its burden, the motion fails.[2]  *See id.*

If the movant carries its burden, the analysis proceeds to step two.  At step two, the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of its claim.  *Id.* § 27.005(c).  If the nonmovant fails to carry this burden, the claim must be dismissed.  *Id.* § 27.005(b)–(c).

If the nonmovant carries its step two burden but the movant has asserted a defense, the analysis moves to step three.  At step three, the movant must establish by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim to be entitled to dismissal.  *Id.* § 27.005(d).

If the movant prevails, the trial court must dismiss the legal action and award the movant additional relief such as attorneys' fees and sanctions.  *See id.* § 27.009(a).  If the court finds that the motion is frivolous or solely intended to delay, it may award the nonmovant court costs and reasonable attorney's fees.  *Id.* § 27.009(b).

We review the trial court's ruling on a TCPA dismissal motion de novo.  *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied).  We consider the pleadings and any supporting and opposing affidavits in the light most favorable to the

---

[2] Even if the movant carries its step one burden, the motion fails if the nonmovant proves a statutory exemption.  *See* CIV. PRAC. § 27.010.

nonmovant. *Id*. We "favor[] the conclusion that the claims are not predicated on protected expression." *Reed v. Centurion Terminals, LLC*, No. 05-18-01171-CV, 2019 WL 2865281, at \*4 (Tex. App.—Dallas July 3, 2019, no pet. h.) (mem. op.).

## B. Issue One (Morris-Duncan): Did the trial court err by denying Morris-Duncan's dismissal motion?

We first address issue one as it applies to Morris-Duncan.

In the trial court, appellees did not respond to the dismissal motion's merits as to Morris-Duncan. Rather, they argued that Morris-Duncan's motion was moot because they had dropped her from the lawsuit. Appellees repeat those arguments on appeal. They further support their mootness argument with the Texas Supreme Court's recent decision in *Glassdoor, Inc. v. Andra Grp., LP*, 575 S.W.3d 523 (Tex. 2019).

### 1. Did appellees' nonsuit moot Morris-Duncan's dismissal motion?

No, because the nonsuit did not affect her then pending claims for fees and sanctions.

We have held that a nonsuit does not moot an opposing party's TCPA dismissal motion. *Duchouquette v. Prestigious Pets, LLC*, No. 05-16-01163-CV, 2017 WL 5109341, at \*3 (Tex. App.—Dallas Nov. 6, 2017, no pet.) (mem. op.); *Breitling Oil & Gas Corp. v. Petroleum Newspapers of Alaska, LLC*, No. 05-14-00299-CV, 2015 WL 1519667, at \*2–3 (Tex. App.—Dallas Apr. 1, 2015, pet. denied) (mem. op.). That remains the law in this appellate district unless a higher authority has changed it. *See MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.) ("We may not overrule a prior panel decision of this Court absent an intervening change in the law by the legislature, a higher court, or this Court sitting en banc.").

We disagree with appellees' suggestion that the supreme court's *Glassdoor* decision disapproved *Duchouquette* and *Breitling Oil*. In *Glassdoor*, Andra Group filed a Rule 202 proceeding to obtain the identities of some people who anonymously defamed Andra Group on

–5–

the internet. 575 S.W.3d at 525. Defendant Glassdoor, which operated the website in question, filed a TCPA dismissal motion, which the trial court denied. Glassdoor took an interlocutory appeal, and we affirmed. The supreme court granted Glassdoor's petition for review, but while the case was still pending any possible claim by Andra Group against the anonymous reviewers became time-barred. *Id*. at 526–30. The supreme court held that this development made the Rule 202 proceeding moot because no legal purpose could be served by allowing Andra Group to investigate time-barred claims. *Id*. And because the case became moot before Glassdoor could prevail on its TCPA motion, the motion and its request for attorneys' fees did not keep the case from becoming moot. *Id*. at 530–31.

*Glassdoor* is distinguishable because appellees' defamation claims against Morris-Duncan did not become moot or otherwise fall out of the trial court's jurisdiction—appellees simply nonsuited them. That nonsuit could not prejudice Morris-Duncan's right to be heard on her pending claim for affirmative relief in the form of a dismissal with prejudice, fees, and sanctions. *See Duchouquette*, 2017 WL 5109341, at *3; *see also* TEX. R. CIV. P. 162. Accordingly, we conclude that appellees' nonsuit did not moot Morris-Duncan's TCPA dismissal motion.

### 2. Did Morris-Duncan satisfy her step one burden?

Yes, as to part of appellees' defamation claims regarding communications alleging animal abuse and killing, because such statements concern a matter of public concern. No, as to appellees' defamation claim based on statements that Maxwell is a pathological liar.

To begin, we conclude that appellees' defamation claims against Morris-Duncan are "based on" her "communications"; that is, they are based on allegations that she published false statements that (i) Tom Maxwell was a "pathological liar" and (ii) he abused or killed his horses, cattle, and dogs. *See* CIV. PRAC. § 27.001(1) ("communication" includes the making of a statement

–6–

in any form or medium); *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam) (the TCPA applies to "both public and private communication[s]").

Next, we consider whether Morris-Duncan's communications were exercises of the right of free speech, which in turn depends on whether they were "made in connection with" a TCPA defined "matter of public concern." *See* CIV. PRAC. § 27.001(3).

In defining the "in connection with" nexus, the supreme court holds that the TCPA requires only a tangential relationship between the communication and a matter of public concern. *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 900 (Tex. 2017) (per curiam). And although the statute lists some topics that are matters of public concern, such as "health or safety," CIV. PRAC. § 27.001(7)(A), the list is nonexclusive, *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894, 896 (Tex. 2018).

We hold that a statement accusing someone of "abusing and/or killing his cherished horses, cattle and dogs" (to use the exact language of appellees' original petition) is a communication "made in connection with a matter of public concern." *See* CIV. PRAC. § 27.001(3). The public concern for the humane treatment of animals is manifested in many ways. For example, the legislature has expressed that concern by enacting statutes criminalizing cruelty to animals.[3] *See* TEX. PENAL CODE § 42.09 (Cruelty to Livestock Animals); *id.* § 42.092 (Cruelty to Nonlivestock Animals); *see also Cummins v. Bat World Sanctuary*, No. 02-12-00285-CV, 2015 WL 1641144, at *10 (Tex. App.—Fort Worth Apr. 9, 2015, pet. denied) (per curiam) (mem. op.) ("[W]e agree that allegations of animal cruelty can be a matter of public concern . . . .") (footnote omitted). Further, several well-known charitable organizations like the American Society for the Prevention of Cruelty to Animals, the Humane Society, and People for the Ethical Treatment of Animals exist

---

[3] Statements that someone has broken the law relate to matters of public concern. *See, e.g.*, *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 896 (Tex. 2018) (accusing HOA of repeatedly violating the law relates to a matter of public concern); *Deaver v. Desai*, 483 S.W.3d 668, 673 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (accusing someone of identity theft relates to a matter of public concern).

to protect animal safety, health, and welfare. *See* TEX. R. EVID. 201 (permitting at any stage of the proceeding judicial notice of facts generally known within the trial court's territorial jurisdiction). It is well known that many municipalities spend public funds on animal welfare in the form of animal shelters. *See id.* Thus, a statement accusing someone of abusing or killing animals is a communication made at least tangentially in connection with a matter of public concern, whether animal abuse is viewed as a matter of health or safety under § 27.001(7)(A) or "viewed as a matter of public concern apart from the non-exclusive statutory list." *Adams*, 547 S.W.3d at 896.

But we conclude that Morris-Duncan's alleged statement that Maxwell is a "pathological liar" does not implicate a matter of public concern.[4] Morris-Duncan argues that the statement implicates economic and community well-being, which the TCPA recognizes as matters of public concern. *See* CIV. PRAC. § 27.001(7)(B). In support, she cites cases holding that accusations of criminal activity implicate economic and community well-being. *See, e.g.*, *AOL, Inc. v. Malouf*, No. 05-13-01637-CV, 2015 WL 1535669, at *2 (Tex. App.—Dallas Apr. 2, 2015, no pet.) (mem. op.) (report that dentist had been charged with Medicaid fraud implicated community well-being). But calling someone a pathological liar does not accuse him of a crime. Nor, in our view, does it even tangentially relate to economic well-being, community well-being, or any other matter of general, public interest or concern. We find no contrary case authority. We conclude that Morris-Duncan's statement that Maxwell was a pathological liar was not an exercise of the right of free speech as defined by the TCPA.[5]

---

[4] One of our sister courts has concluded that if a legal action relates to several statements and the movant shows that at least one statement was an exercise of a protected right, the whole legal action is subject to the TCPA. *See Mem'l Hermann Health Sys. v. Khalil*, No. 01-16-00512-CV, 2017 WL 3389645, at *5–6 & n.4 (Tex. App.—Houston [1st Dist.] Aug. 8, 2017, pet. denied) (mem. op.). But we take a statement-by-statement approach at step one. *See Morales v. Barnes*, No. 05-17-00316-CV, 2017 WL 6759190, at *3 (Tex. App.—Dallas Dec. 29, 2017, no pet.) (mem. op.).

[5] A quirk in this case is that the entity plaintiffs sued Morris-Duncan for defamatory statements about Maxwell and not the entities. Plaintiffs, however, alleged that the statements also harmed them.

Morris-Duncan also argues that her pathological liar statement was an exercise of her right of association, which the TCPA defines as "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." CIV. PRAC. § 27.001(2). It is the law of this Court that a communication cannot constitute an exercise of the right of association unless it involves public or citizen's participation. *See, e.g.*, *Dyer*, 573 S.W.3d at 426. According to an affidavit by Morris-Duncan, she made the pathological liar statement in a private Facebook message to one person. Accordingly, the statement did not involve public or citizen's participation and was not an exercise of the right of association. *See id.* (concluding that private text messages between alleged conspirators did not involve public or citizen's participation).

Accordingly, we conclude that Morris-Duncan carried her step one burden only to the extent appellees' defamation claims were based on her accusing Maxwell of abusing or killing his animals.

### 3. Did appellees satisfy their step two burden?

No. Having nonsuited their defamation claims, appellees did not attempt to produce any evidence to support those claims. In their response, they argued only that appellants' dismissal motion was moot as to those claims. We have already rejected that argument.

Moreover, appellees' original petition was too vague to constitute clear and specific evidence of each essential element of defamation. *See Breakaway Practice, LLC v. Lowther*, No. 05-18-00229-CV, 2018 WL 6695544, at *2 (Tex. App.—Dallas Dec. 20, 2018, pet. pending) (mem. op.) ("Under [§ 27.006)], pleadings are to be considered as evidence, regardless of whether they are offered as such."); *Watson v. Hardman*, 497 S.W.3d 601, 609–10 (Tex. App.—Dallas 2016, no pet.) (defamation evidence is insufficient if it does not show when, where, or to whom the defamatory statements were said).

Additionally, an essential element of defamation is that the statement must be "defamatory concerning the plaintiff." *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) (orig. proceeding). Here, the alleged defamatory statement concerned Maxwell, not appellees.

Thus, appellees did not satisfy their step two burden, and the trial court should have granted Duncan-Morris's motion in part.

### 4.     Conclusion

The trial court erred by not granting Morris-Duncan's TCPA motion to the extent appellees' defamation claims were based on her alleged statement that Maxwell abused or killed his animals.

Appellees argue that their nonsuit should bar Morris-Duncan from recovering attorneys' fees, costs, and sanctions under § 27.009(a), and for support they cite *Shankles v. Gordon*, No. 05-16-00863-CV, 2018 WL 4100030 (Tex. App.—Dallas Aug. 27, 2018, no pet.) (mem. op.). But in *Shankles* we held that § 27.009(a) does not authorize an award of fees if the nonmovant's claims are dismissed for lack of subject-matter jurisdiction. *Id*. at *14. Here, we are dismissing part of appellees' defamation claims on the merits under the TCPA—not for lack of subject-matter jurisdiction. Accordingly, *Shankles* is distinguishable, and Morris-Duncan is also entitled to the relief provided for in § 27.009(a). We remand the case so that the trial court may award that relief. *See LegacyTexas Bank v. Harlan*, No. 05-18-00039-CV, 2018 WL 2926397, at *5 (Tex. App.—Dallas June 7, 2018, no pet.) (mem. op.).

### C.     Issue One (Duncan):  Did the trial court err by denying Duncan's dismissal motion?

We next address issue one as it concerns appellant Duncan. We conclude that we cannot reach the merits of Duncan's appeal because his opening appellate brief did not address every independent basis on which the trial court might have denied his motion.

–10–

"When a separate and independent ground that supports a ruling is not challenged on appeal, we must affirm the lower court's ruling." *Prater v. State Farm Lloyds*, 217 S.W.3d 739, 740–41 (Tex. App.—Dallas 2007, no pet.); *see also Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *St. John Missionary Baptist Church v. Flakes*, 547 S.W.3d 311, 314–16 (Tex. App.—Dallas 2018, pet. pending) (en banc).

Here, appellees responded to appellants' dismissal motion and argued that the quasi-estoppel doctrine estopped Duncan from seeking a TCPA dismissal of their lawsuit. This quasi-estoppel argument was distinct from appellees' arguments that Duncan failed to satisfy his TCPA step one burden and that appellees satisfied their step two burden.

Appellants' opening appellate brief did not mention or attack appellees' quasi-estoppel defense to Duncan's motion. Appellees included quasi-estoppel among their arguments in their appellees' brief, and appellants' reply brief addresses quasi-estoppel, but the reply brief is too late to cure the problem. *See 2218 Bryan St., Ltd. v. City of Dallas*, 175 S.W.3d 58, 65 (Tex. App.—Dallas 2005, pet. denied) (rejecting appellant's attempt to address independent grounds for the first time in a reply brief).

This case is on all fours with *Morrison v. Profanchik*, No. 05-17-00680-CV, 2018 WL 4090635 (Tex. App.—Dallas Aug. 28, 2018, pet. denied) (mem. op.). In that case, the appellants appealed the denial of their TCPA dismissal motion. The appellees' trial-court response raised seven independent grounds for denying the motion to dismiss. But on appeal, the appellants inadequately briefed two of the seven grounds and completely failed to address a third. We held that we had to accept the validity of the unchallenged grounds and therefore affirmed. *Id*. at *4.

Thus, we overrule issue one as to Duncan because even if Duncan satisfied his step one burden and appellees did not satisfy their step two burden, the trial court may have denied

Duncan's motion based on quasi-estoppel, and Duncan did not challenge that ground in his opening brief.

## IV. DISPOSITION

We sustain appellants' first issue in part, holding that the trial court erred by not granting Morris-Duncan's dismissal motion as to appellees' defamation claims based on her alleged statement that Maxwell abused or killed his animals. Otherwise we overrule appellants' first issue.

We do not address appellants' second and third issues because our resolution of those issues would not affect our disposition of issue one or our judgment. *See* TEX. R. APP. P. 47.1 (opinion must address every issue "raised and necessary to final disposition of the appeal").

We reverse in part the trial court's denial of appellants' dismissal motion. We render judgment dismissing with prejudice appellees' defamation claims against Morris-Duncan to the extent those claims are based on the alleged statement accusing Tom Maxwell of abusing and/or killing his horses, cattle, and dogs. We remand the case to the trial court to award Morris-Duncan relief under TCPA § 27.009(a). We affirm the denial of appellants' dismissal motion in all other respects.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Partida-Kipness, J., concurring and dissenting

181432F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANDREW DUNCAN AND HAYLEY
MORRIS-DUNCAN, Appellants

No. 05-18-01432-CV          V.

ACIUS GROUP, LP AND SURVIVOR
OUTREACH SERVICES, LLC, Appellees

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-03198-2018.
Opinion delivered by Justice Whitehill.
Justices Partida-Kipness and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the trial court's denial of appellants' Texas Civil Practice & Remedies Code § 27.003(a) Motion to Dismiss is **AFFIRMED** in part and **REVERSED** in part.

We **REVERSE** the denial to the extent the trial court failed to dismiss appellees' defamation claims against appellant Hayley Morris-Duncan that are based on allegations that she said that Tom Maxwell abused and/or killed his horses, cattle, and dogs, and we **RENDER** judgment dismissing those claims with prejudice. In all other respects, we **AFFIRM** the trial court's denial of appellants' Texas Civil Practice & Remedies Code § 27.003(a) Motion to Dismiss. We **REMAND** this cause to the trial court to consider appellant Hayley Morris-Duncan's request for relief pursuant to Texas Civil Practice and Remedies Code § 27.009(a).

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered September 13, 2019.